**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| In re:<br>Sally Ann Beverly,<br>                    Debtor | Case No. 16-74102-SCS<br>Chapter 7 |

**MOTION SEEKING FINES, SANCTIONS AND DISGORGEMENT OF COMPENSATION FROM CRYSTAL BAKER, AND OTHER APPROPRIATE RELIEF PURSUANT TO 11 U.S.C. § 110**

Judy A. Robbins, United States Trustee for Region Four, by counsel, pursuant to 11 U.S.C. §110, moves the Court for entry of an order against Crystal Baker imposing fines, appropriate sanctions, and the disgorgement of all fees received from or on behalf of the debtor. In support of her motion, the U.S. Trustee states:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b) and the Order of Reference of the U.S. District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as it concerns the administration of the estate. Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

**PROCEDURAL AND FACTUAL BACKGROUND**

2.  On November 30, 2016, Sally Ann Beverly (debtor) filed a voluntary chapter 7 bankruptcy petition under Title 11 (Bankruptcy Code).

3.  On November 30, 2016, the debtor filed an application to have her filing fee paid in installments. *Docket Entry No. 4*.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, VA 23510
(757) 441-6012

4. The petition, schedules, and statements were prepared by Crystal Baker (Baker).

5. On December 2, 2016, the Court entered an order approving the request to pay the filing fee in installments.

6. On January 4, 2017, the debtor attended her meeting of creditors held pursuant to section 341 and provided sworn testimony.

7. The debtor testified at her meeting of creditors that she received assistance in preparing her bankruptcy petition from Baker.

8. The debtor paid Baker $250 for bankruptcy petition preparation services. *See* Exhibit A (Check).

9. The "Declaration and Signature by Non-Attorney Bankruptcy Petition Preparer" was completed and signed by Baker. *See* Exhibit B.

10. Baker did not disclose the compensation received from the debtor in the original statement of financial affairs.

11. Baker did not file a Disclosure of Compensation of Bankruptcy Petition Preparer (Form 2800) or a similar disclosure of compensation declaration with the court.

12. Baker is not an attorney authorized to practice law in the Commonwealth of Virginia.

13. Upon information and belief, Baker is not an employee under the direct supervision of an attorney.

14. The debtor testified that her schedules were completed by Baker.

15. At the meeting of creditors, the debtor could not identify the Virginia exemption statutes noted on her schedule C.

16. Upon information and belief, Baker determined and claimed the exemptions for

the debtor.

17. On December 30, 2016, Baker, in response to a question from the debtor, emailed the debtor an explanation regarding the characterization of student loans and consumer versus business debts. *See* Exhibit C.

18. On January 3, 2017, the debtor filed amended schedules and statements. *See* Docket Entry No. 16.

19. At the meeting of creditors, the debtor testified that she had questions regarding whether to file amended schedules and statements.

20. Baker advised the debtor to file amended schedules and statements.

21. On information and belief, Baker prepared the first set of amended schedules and statements.

22. Baker did not disclose her identity either by name or identification number on the first set of amended schedules and statements.

23. Baker in preparing the debtor's amended statement of financial affairs did not include information that she received $200 from the debtor. Baker did not file a disclosure of compensation paid to a bankruptcy petition preparer.

24. On January 25, 2017, the debtor filed a second set of amended schedules and statements. *See* Docket Entry No. 20.

25. Upon information and belief, Baker prepared the second set of amended schedules.

26. Baker did not disclose her identity either by name or identification number on the second set of amended schedules and statements.

27. Baker is a "person, other than an attorney for the debtor or an employee of such

attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" and is a "bankruptcy petition preparer," within the meaning of 11 U.S.C. § 110.

28.     Baker prepared "documents for filing," within the meaning of 11 U.S.C. § 110, in this Court.

29.     Upon information and belief, Baker utilizes social media sites such as Facebook to disseminate legal advice to the public. *See* https://www.facebook.com/crystalbakerbpp/?nr

30.     On October 24, 2016, Baker published the following statement on Facebook: "[y]ou can claim owed taxes on your chapter 7 bankruptcy…If this is also one of your issues I can help uou [sic]…If you need to file bankruptcy but can't afford to pay for a lawyer? Let me prepare your bankruptcy petition for you #freshstart #debtfree #financialfreedom #chapter 7." *See* Exhibit D.

## LEGAL ARGUMENT

31.     Baker has violated the provisions of section 110 by failing to disclose her name, identification number, file Official Form 119, and disclose all fees received from the debtor. Additionally, Baker violated provisions of section 110 by providing legal advice, and engaging in deceptive conduct that warrants the disgorgement of fees paid, the assessment of fines, and imposition of statutory damages[1].

32.     Section 110 governs the practices and duties imposed upon bankruptcy petition preparers. 11 U.S.C. § 110.

33.     As stated by the Ninth Circuit, "[s]ection 110 was added to the Bankruptcy Code

---

[1] The entry of a discharge and closure of this case does not affect the Court's ability to adjudicate the pending Motion. *See e.g.*, *In re TH*, 529 B.R. 112, 134 (Bankr. E.D.Va. 2015) ("Court's jurisdiction to decide the issue of sanctions is not affected by the status of a case, whether dismissed or closed, or by whether a discharge has been entered."); *see also In re Garrison*, 2000 WL 276975 *2 (8th Cir. March 15, 2000); *In re Hardy,* 209 B.R. 371, 372 (Bankr.E.D.Va.1997).

to create a set of standards and accompanying penalties to regulate bankruptcy petition preparers, who are not employed or supervised by attorneys and who had proliferated across the country, often taking advantage of poor and non-English speaking debtors." *In re Doser*, 412 F. 3d 1056, 1061 (9th Cir. 2005) (citing 140 Cong. Rec. H10, 770 (October 4, 1994).

34. "To ensure compliance with its requirements, Section 110 contains detailed remedial provisions, including fines and injunctive relief." *In re McDonald*, 318 B.R. 37, 43 (Bankr. E.D.N.Y. 2004) (citations omitted).

**11 U.S.C. § 110(b)(1)**

35. Baker violated section 110(b)(1) a total of six times by failing to print and sign her name on documents prepared for filing in connection with this case.

36. Pursuant to section 110(b)(1) a bankruptcy petition preparer who prepares a document for filing must "sign the document and print on the document the preparer's name and address." 11 U.S.C. § 110(b)(1).

37. Baker did not print and sign her name on the debtor's first set of amended schedules in violation of section 110(b)(1). *See* Exhibit E.

38. Baker did not print and sign her name on the debtor's second set of amended schedules in violation of section 110(b)(1). *See* Exhibit F.

39. Under section 110(l)(1), a bankruptcy petition preparer "who fails to comply with any provision of subsection (b), (c), (d), (e),(f), (g), or (h) may be fined not more than $500 for each such failure." 11 U.S.C. § 110(l)(1).

40. Baker, as outlined above, violated sections 110(b)(1) by failing to print and sign her name on documents prepared for filing a total of six times[2]. Each violation warrants a fine of

---

[2] The violations are related to the following documents: amended schedule A/B, amended schedule D, amended schedule summary of assets and liabilities, amended schedule I, amended schedule J, and amended means test. As

$500 for a total assessment of $3,000.

**11 U.S.C. § 110(b)(2)**

41. Baker violated section 110(b)(2) a total of three times by failing to provide and attach Official Form 119 in connection with documents filed with the court.

42. Pursuant to section 110(b)(2)(A), "before preparing any document for filing or accepting any fees from a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedures." 11 U.S.C. § 110(b)(2)(A).

43. In turn, "section 110(b)(2)(B) dictates the required content for that notice. 11 U.S.C. § 110(b)(2)(B). Further, "the bankruptcy petition preparer is required to sign this notice under penalty of perjury, and the notice is required to be filed with any document." *In re Springs*, 358 B.R. 236, 243 (Bankr. M.D.N.C. 2006).

44. Official Form 119 is required to be attached to any document for filing, which includes any amendments to the debtor's schedules. *See e.g.*, *Id.*; *see also In re Rodriguez*, 2015 WL 8489430 *5 (Bankr. D.Ariz. December 8, 2015).

45. Baker did not provide Official Form 119 to the debtor until November 30, 2016[3], after receiving the $250 fee, in violation of section 110(b)(2)(A). *See* Exhibit G.

46. Baker did not provide or file Official Form 119, with the debtor's amended schedules filed on January 3, 2017, in violation of section 110(b)(2)(A).

---

noted by this court in *Jay,* a majority of courts have held "that the petition, the schedules, and the various statements constitute separate documents for the purposes of § 110." *In re Jay*, 446 B.R. 227, 240 n. 15 (Bankr. E.D.Va. 2010) (St. John, C.J.)(citing *Fessenden v. Ireland (In re Hobbs),* 213 B.R. 207, 212 (Bankr. D.Me. 1997); *But see In re Brokenbrough,* 197 B.R. 839, 843–44 (Bankr. S.D.Ohio 1996) (concluding it would be "overreaching" by the court to consider schedules and statements as multiple documents under § 110)).
[3] Baker utilized the outdated Form 19, which was superseded on December 1, 2015.

47. Baker did not provide or file Official Form 119, with the debtor's second amended schedules filed on January 25, 2017, in violation of section 110(b)(2)(A).

48. Under section 110(l)(1), a bankruptcy petition preparer "who fails to comply with any provision of subsection (b), (c), (d), (e),(f), (g), or (h) may be fined not more than $500 for each such failure." 11 U.S.C. § 110(l)(1).

49. Baker, as outlined above, violated section 110(b)(2) three times. Each violation warrants a fine of $500 for a total assessment of $1,500.

**11 U.S.C. § 110(c)**

50. Baker violated section 110(c), a total of six times by failing to disclose her identification number on documents prepared for filing.

51. Pursuant to section 110(c), a bankruptcy petition preparer is prohibited from preparing a document for filing without placing a number on the document which identifies the individual preparer. The identifying number – the social security number of the bankruptcy petition preparer – must be placed after the bankruptcy petition preparer's signature on any document the bankruptcy petition preparer prepares for filing. 11 U.S.C. § 110(c).

52. Baker did not place an identification number on the first set of amended schedules, and second set of amended schedules in violation of section 110(c)[4].

53. Under section 110(l)(1), a bankruptcy petition preparer "who fails to comply with any provision of subsection (b), (c), (d), (e),(f), (g), or (h) may be fined not more than $500 for each such failure." 11 U.S.C. § 110(l)(1).

54. Baker, as outlined above, violated section 110(c) by failing to disclose her identification number on documents prepared for filing a total of six times. Each violation

---

[4] Specifically, the documents include: amended schedule A/B, amended schedule D, amended schedule summary of assets and liabilities, amended schedule I, amended schedule J, and amended means test.

warrants a fine of $500 for a total assessment of $3,000

**11 U.S.C. § 110(e)**

55. Baker violated section 110(e) a total of six times by determining how claims are listed, taking exemptions, preparing the means test, advising the debtor to file amended schedules, explaining the concept of consumer versus business debts, and soliciting financial information from the debtor to prepare the schedules and statements.

56. Section 110(e)(2)(A), prohibits a bankruptcy petition preparer from rendering legal advice. *See In re Jay*, 446 B.R. 227 (Bankr. E.D.Va. 2010) (St. John, C.J.)

57. Baker rendered legal advice and engaged in the unauthorized practice of law, by offering advice on determining how claims should be listed (secured, unsecured or priority) on the debtor's schedules, the taking of exemptions, the preparation of the Statement of Current Monthly Income and Disposable Income Calculation, advising the debtor to file amended schedules, explaining the concept of consumer versus business debts, and the solicitation of financial information to prepare the debtor's schedules. *See e.g., In re Jamison*, 2015 WL 5626157 *14 (Bankr. D.N.J. September 18, 2015) (preparation of an application to pay filing fee in installments is the practice of law); *In re Kaitangian,* 218 B.R. 102, 110 (Bankr. S.D.Cal. 1998) (finding that bankruptcy petition preparer violated § 110 by choosing exemptions, stating that "[p]lugging in solicited information from questionnaires and personal interviews to a prepackaged bankruptcy software program constitutes the unauthorized practice of law."); *In re Herren*, 138 B.R. 989, 994 (Bankr. D.Wyo. 1992) (The solicitation of financial information and preparation of schedules is rendering legal advice, whether provided by lay persons or lawyers."); *In re Webster,* 120 B.R. 111, 113-14 (Bankr. E.D.Wis. 1990) (preparation of motions is a violation of section 110(e)).

58.  Under section 110(l)(1), a bankruptcy petition preparer "who fails to comply with any provision of subsection (b), (c), (d), (e),(f), (g), or (h) may be fined not more than $500 for each such failure." 11 U.S.C. § 101(l)(1).

59.  Baker violated section 110(e) six times with the selection of the exemptions, the characterization of the debtor's debts, the preparation of the Statement of Current Monthly Income and Disposable Income Calculation, advising the debtor to file amended schedules, explaining the concept of consumer versus business debts, and the solicitation of information to prepare the petition. Each violation warrants a fine of $500 for a total assessment of $3,000.

**11 U.S.C. § 110(f)**

60.  Baker has violated section 110(f) in advertising her services in a way that would lead the public to believe she provides more than typing services.

61.  Section 110(f), provides that "[a] bankruptcy petition preparer shall not use the word "legal" or any similar term in any advertisements, or advertise under any category that includes the word "legal" or any similar term." 11 U.S.C. § 110(f).

62.  "As the language of the statute makes clear, the restriction is not confined solely to the use of the word "legal"; instead, '[m]ost courts addressing this issue have found that § 110(f) is violated by *any advertising that gives the impression that a petition preparer is providing legal services.*'" *In re Rosario*, 493 B.R. 292, 349 (Bankr. D. Mass. 2013) (quoting *In re Delgado*, 2005 WL 758809 (Bankr. N.D.Iowa April 1, 2005) (emphasis in original); *see also In re Farness*, 244 B.R. 464, 469 (Bankr. D.Idaho. 2000) (citing *In re Hobbs*, 213 B.R. 207, 215 (Bankr. D.Me. 1997) ("Petition preparer advertising must keep well clear of any suggestion that the preparer will be offering legal services or insights."); *In re Calzadilla,* 151 B.R. 622, 626 (Bankr. S.D. Fla. 1993) (typing service may not advertise in a fashion which leads reasonable lay

person to believe the typing service offers the public legal services, legal advice or legal assistance regarding bankruptcy services)); *In re Kaitangian*, 218 B.R. 102, 107 (Bankr. S.D.Cal. 1998) (tenor of advertisement that leads one to believe services provided are beyond clerical violates section 110(f)).

63. Baker utilizes the social media platform Facebook to advertise her services in a way that would lead a lay person to believe she is offering more than just typing services.

64. As previously stated, Baker posted the following statement "[y]ou can claim owed taxes on your chapter 7 bankruptcy…If this is also one of your issues I can help uou [sic]…If you need to file bankruptcy but can't afford to pay for a lawyer? Let me prepare your bankruptcy petition for you #freshstart #debtfree #financialfreedom #chapter 7." *See* Exhibit D.

65. Baker attaches to the statement an outline offering an explanation as to taxes and dischargeability issues in bankruptcy.

66. The foregoing, offers legal advice and leads one to believe that Baker has expertise similar to an attorney, but at a lower rate, in violation of section 110(f).

67. Under section 110(l)(1), a bankruptcy petition preparer "who fails to comply with any provision of subsection (b), (c), (d), (e),(f), (g), or (h) may be fined not more than $500 for each such failure." 11 U.S.C. § 101(l)(1).

68. Baker's advertising scheme, as outlined above, violates section 110(f) and a fine of $500 is warranted.

**11 U.S.C. § 110(i)(1)**

69. Baker violated section 110(i)(1) by providing legal advice and an award for statutory damages is appropriate.

70. Section 110(i)(1) prohibits bankruptcy petition preparers from committing "any

fraudulent, unfair, or deceptive act…" 11 U.S.C. § 110(i)(1).

71. Baker's unauthorized practice of law, detailed above, constitutes a fraudulent, unfair or deceptive act within the context of section 110(i)(1). *In re Moffett,* 263 B.R. 805, 813 (Bankr. W.D.Ky. 2001) ("[T]he unauthorized practice of law by a bankruptcy petition preparer may constitute a fraudulent, unfair or deceptive act within the context of 11 U.S.C. § 110(i)(1).") (citations omitted).

72. A violation of section 110(i)(1) carries a penalty of either a $2,000 statutory damage or twice the amount paid by the debtor to the petition preparer, whichever is greater. 11 U.S.C. § 110(i)(1)(B).

73. Baker's unauthorized practice of law and intentional failure to disclose all fees received by the debtor merits statutory damages of $2,000 payable to the debtor as required under section 110(i)(1)(B).

**11 U.S.C. 110(h)**

74. Baker violated section 110(h) by failing to disclose all fees received from the debtor, charging a fee in excess of services rendered, and in violating section 110(b), (c), (e), (f).

75. Section 110(h)(2) requires that a bankruptcy petition preparer declare under penalty of perjury any fee received from the debtor. 11 U.S.C. §110(h)(2).

76. Pursuant to section 110(h)(3), a bankruptcy petition preparer will forfeit all fees charged if full disclosure does not occur. 11 U.S.C. §110(h)(3).

77. Additionally, a court "shall disallow and order the immediate turnover to the bankruptcy trustee any fee referred to in paragraph (2) found to be in excess of the value of services…" *Id.*

78. Section 110(h)(3), also provides that "[a]ll fees and charged by a bankruptcy

petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)." 11 U.S.C. § 110(h)(3)(B).

79. The statement of financial affairs filed on October 3, 2015 does not disclose the $250 in compensation paid to Baker. *See* Exhibit H.

80. Additionally, Baker did not sign or file a "disclosure of compensation statement" as required by section 110(h)(2) and Bankruptcy Rule 2016(c). *See* Fed. R. Bankr. P. 2016(c); *see also In re Steward*, 312 B.R. 172, 182 n. 5 (Bankr. N.D.Ill. 2004).

81. On January 3, 2017, the first amended statement of financial affairs reflects a payment to Baker for bankruptcy petition preparing services in the amount of $200.00. *See* Exhibit I.

82. As previously noted above, Baker received $250.00 from the debtor.

83. The first amended statement of financial affairs inaccurately reflects the amount of compensation Baker received.

84. No further amendments to the statement of financial affairs were made to disclose the correct amount paid to Baker.

85. Baker's failure to disclose all fees received from the debtor is a violation of section 110(h)(2). *See e.g.*, *McDow v. Mayton,* 379 B.R. 601, 608 (E.D.Va. 2007).

86. Under section 110(l)(1), a bankruptcy petition preparer "who fails to comply with any provision of subsection (b), (c), (d), (e),(f), (g), or (h) may be fined not more than $500 for each such failure." 11 U.S.C. § 101(l)(1).

87. Additionally, Baker's fees exceed the value of services rendered and are above the maximum fees allowed under this Court's previous rulings in violation of section 110(h)(3)(A).

88. This Court's maximum fee for bankruptcy petition preparers is $140.00 *See In re Latoya A. Cowell*, Case No. 16-73949-FJS (consent order entered February 9, 2017); *Robbins v. Daniels*, Adv. Proc. No. 14-07075 (Consent order entered January 14, 2015); *In re Atiya Harpe*, Case No. 10-71147-SCS (Consent Order entered October 13, 2010).

89. Any fees charged in excess of the maximum rate are to be returned to the debtor.

90. Baker, as outlined above, violated section 110(h)(2), and a fine of $500 is warranted.

91. Baker, as outlined above, violated sections 110(b), (c), and (e) and disgorgement of all fees received under sections 110(h)(3)(A), (B) is appropriate.

**11 U.S.C. § 110(l)(2)(D)**

92. Baker's violations of subsections (b)(1) and (c) warrant the trebling of fines assessed by the court.

93. Pursuant to section 110(l)(2)(D), all fines assessed under section 110(l)(1) shall be trebled if the court finds that a document was prepared for filing in a manner that failed to disclose the identity of the petition preparer. 11 U.S.C. § 110(l)(2)(D); *see also Springs*, 358 B.R. at 247.

94. Baker's violations of section 110(b)(1) and section 110(c), as outlined above, mandates the trebling of all fines assessed under section 110(l)(1).

## CONCLUSION

WHEREFORE, the U.S. Trustee prays that the Court enter an order in her favor granting the relief requested in her Motion against Baker including:

A. Pursuant to 11 U.S.C. § 110(l)(1), impose a fine of $34,500[5] against Baker

---

[5] This amount is calculated on six violations of Section 110(b)(1), three violation of Section 110(b)(2), six violations of Section 110(c), six violations of Section 110(e)(2)(A); one violation of Section 110(h); and one

payable to the United States Trustee for deposit pursuant to 11 U.S.C. § 110(l)(4)(A); and

  B. Order the immediate forfeiture and turnover by Baker of all fees collected from the debtor in the amount of $250, pursuant to 11 U.S.C. § 110(h)(3); and

  C. Pursuant to 11 U.S.C. § 110(i)(1), award statutory damages in the amount of $2,000 against Baker in favor of Beverly; and

  D. Grant the United States Trustee such additional relief to which she may be entitled.

RESPECTFULLY SUBMITTED,
Judy A. Robbins
U.S. Trustee for Region Four

By: /s/ Nicholas S. Herron

Kenneth N. Whitehurst, III
Assistant U.S. Trustee

Nicholas S. Herron
Trial Attorney

---

violation of Section 110(f). Each of the aforementioned fines assessed is trebled pursuant to Section 110(l)(2)(D) for Baker's failure to identify herself either by name or identification number on documents filed with the court. *See e.g., In re Belen*, 2013 WL 5502958, *5 (Bankr. D.P.R. October 2, 2013).

## **CERTIFICATE OF SERVICE**

    I certify that on March 30, 2017 service on all attorney Users in this case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09. A copy of this Motion and exhibits was mailed on the same date by First Class U.S. Mail, postage prepaid addressed as follows: Sally Ann Beverly, 2317 Effingham St, Portsmouth, Virginia 23704 (Debtor); Crystal Baker, 3224 Somme Avenue, Norfolk, Virginia, 23509.


                                           /s/ Nicholas S. Herron